## In re ANGARD.

(District Court, E. D. New York. October 15, 1923.)

Bankruptcy ⟪⇒407(3)—Transfer of goods in violation of New York Bulk Sales Act held no ground for refusing discharge.

Bankrupt's sale of a quantity of goods prior to the filing of the bankruptcy petition without complying with Personal Property Law N. Y. § 44, relating to bulk sales, and his payment of the proceeds to certain creditors, even though it might be set aside as a preference, was not a ground for denying bankrupt's discharge; the sale not having been made with intent to hinder, defraud, and delay creditors.

In Bankruptcy. In the matter of Oscar Angard, bankrupt. On motion for an order confirming the report of a special commissioner, recommending that bankrupt be discharged. Motion granted.

Joseph Krinsky, of New York City, for bankrupt.
Remington & Meek, of New York City, for objecting creditors.

GARVIN, District Judge. The bankrupt moves for an order confirming the report of a special commissioner, which recommends that the application of the bankrupt for his discharge in bankruptcy be granted.

Specifications of objections to discharge were referred to a special commissioner. He has reported that on or about October 10, 1922, prior to the filing of the petition in bankruptcy, the bankrupt sold about 400 pairs of shoes and received therefor $600. The purchaser did not ask the bankrupt for, nor did the latter furnish, a list of his creditors, and no notice of the transaction was given to creditors in accordance with the requirements of section 44 of the Personal Property Law (Consol. Laws, c. 41). From the proceeds of the sale the bankrupt paid one creditor about $350, and rent amounting to $100; the balance being used in miscellaneous expenses. He testified that he got none of the proceeds of the sale.

The objecting creditor contends that this sale by the bankrupt was fraudulent, because of his failure to comply with section 44 of the Personal Property Law, and relies upon the case of In re De Nomme (D. C.) 214 Fed. 671, 32 Am. Bankr. Rep. 744. In that case the bankrupt transferred his stock of merchandise—in violation of the Bulk Sales Act of Rhode Island (Pub. Laws 1909, c. 387), which is similar to the New York act—within four months prior to the filing of the petition in bankruptcy. The court denied a discharge, finding that, when the transfer was made, the bankrupt made a false affidavit that he had no creditors in connection with his dry goods business, and the court attached great importance to the false oath, and held that thereby the bankrupt hindered and delayed his creditors, by preventing their exercise of legal rights and defrauding them of the amount to which they would have been entitled upon a distribution of the estate without preferential payments.

There is nothing in the Bankruptcy Law (Comp. St. §§ 9585–9656) which holds that a sale by a bankrupt which does not comply with the

⟪⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bulk Sales Act is a bar to discharge. The commissioner has reported that he has been unable to find that the bankrupt made a fraudulent transfer, with intent to hinder, delay, and defraud his creditors, upon the facts here proven, and with the conclusions of the commissioner the court is not disposed to interfere. The motion to confirm the report is granted.

Fraudulent conduct upon the part of a bankrupt was fully considered in the Matter of Julius Brothers, 217 Fed. 3, 133 C. C. A. 328, L. R. A. 1915C, 89, 32 Am. Bankr. Rep. 699, where it was held that certain sales under certain circumstances can be set aside on the ground of preference, but in the absence of fraudulent intent they did not warrant the court in refusing to discharge the bankrupt. This principle seems to the court to be controlling, and the discharge will accordingly be granted.